| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>Richard J. Reynolds (SBN 89911)<br>Rafael R. Garcia-Salgado (SBN 283230)<br>1851 E. First Street, Suite 1550<br>Santa Ana, CA  92705<br>Tel:  949-863-3363<br>Fax: 949-863-3350<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ELIZABETH MILLAN | CASE NO.: 2:18-bk-22555-WB<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: December 4, 2018<br>TIME: 10:00 a.m.<br>COURTROOM: 1375 |
| **Movant:**<br>TRINITY FINANCIAL SERVICES, LLC | |

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017          Page 1          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1 (d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b   ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  11/15/18

BURKE, WILLIAMS & SORENSEN, LLP
Printed name of law firm (if applicable)

Rafael R. Garcia-Salgado
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 2                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other *(specify)*:

2. *The Property at Issue (Property):*

   a. Address:

   *Street address:* 1450-1452 Peterson Avenue
   *Unit/suite number*:
   *City, state, zip code*: Long Beach, CA  90813

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1  ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐  involuntary bankruptcy petition under chapter    ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on *(date)* 10/25/18 at 10:08 a.m.     .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on *(date)*               .

   c. ☐ A plan, if any, was confirmed on *(date)*               .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

      (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other *(see attached continuation page).*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 3                                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

(3) ☒ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

**5.** ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify):*


**6.** **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other:
A true and correct copy of the Notice of Bankruptcy Filing, which reflects the case was filed at approximately 10:08 a.m., is attached hereto as **Exhibit 4** and is incorporated herein by reference.

**7.** ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                           Page 4                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  11/15/18

BURKE, WILLIAMS & SORENSEN, LLP
_____
Printed name of law firm *(if applicable)*

Rafael R. Garcia-Salgado
_____
Printed name of individual Movant or attorney for Movant

*Rafael Garcia*
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                          Page 5                              **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# REAL PROPERTY DECLARATION

I, *(print name of Declarant)* Don A. Madden, III _____ , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as *(state title and capacity):*
      President

   c. ☐ Other *(specify):*

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other *(see attached):*

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _2_ .

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g. ,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _1_ .

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other *(specify):*

4. a. The address of the Property is:

      *Street address:* 1450-1452 Peterson Avenue
      *Unit/suite no.:*
      *City, state, zip code:* Long Beach, CA  90813

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
      05-2410525 Los Angeles County, CA

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 6                          F 4001-1.RFS.RP.MOTION

American LegalNet, Inc.
www.FormsWorkFlow.com

5. Type of property *(check all applicable boxes):*

   a. ☒ Debtor's principal residence     b. ☐ Other residence

   c. ☐ Multi-unit residential     d. ☐ Commercial

   e. ☐ Industrial     f. ☐ Vacant land

   g. ☐ Other *(specify):*

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) *(specify):* Andres Martinez and Elizabeth Millan, Husband and Wife as Joint Tenants

   c. ☐ Lienholder *(specify):*

   d. ☐ Other *(specify):*

   e ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules. The Debtor has not filed Schedules.

   f ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed. The deed was recorded on *(date)* _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)* _____ that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _2_.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _1_.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _3_.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 105,173.96 | $ | $ 105,173.96 |
| b. | Accrued interest: | $ 44,497.23 | $ | $ 44,497.23 |
| c. | Late charges | $ 1,120.00 | $ | $ 1,120.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 6,217.31 | $ | $ 6,217.31 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[           ] | $[           ] | $[           ] |
| g. | TOTAL CLAIM as of *(date)*: | $ 157,008.50 | $ | $ 157,008.50 |

   h. ☐ Loan is all due and payable because it matured on *(date)* _____

9. Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action has occurred):*

   a. Notice of default recorded on *(date)* 06/14/18_____ or ☐ none recorded.

   b. Notice of sale recorded on *(date)* 10/02/18_____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for *(date)* 10/25/18_____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for *(date)* _____ or ☐ none scheduled.

   e. Foreclosure sale already held on *(date)* 10/25/18 at 10:09 a.m. or ☐ none held.

   f. Trustee's deed upon sale already recorded on *(date)* _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*     Page 7     **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

10. Attached *(optional)* as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ *(chapter 7 and 11 cases only)* Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $ _____ for the month of _____ 20___.

   b. Number of payments that have come due and were not made: _____. Total amount: $ _____

   c. Future payments due by time of anticipated hearing date *(if applicable)*:

      An additional payment of $ _____ will come due on *(date)* _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ _____ will be charged to the loan.

   d. The fair market value of the Property is $ _____, established by:

      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

      (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

      (4) ☐ Other *(specify):*


   e. **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

      (1) ☐ Preliminary title report.

      (2) ☐ Relevant portions of the Debtor's schedules.

      (3) ☐ Other *(specify):*

   g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _____ and is _____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ _____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 8                                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

i. ☐ Estimated costs of sale: $ _____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: 11/29/18 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 01/16/19 .
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | N/A | $                           N/A | $                           N/A |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | N/A | $                           N/A | $                           N/A |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

d. Postpetition advances or other charges due but unpaid:
*(For details of type and amount, see Exhibit _____)*                                           $ N/A

e. Attorneys' fees and costs:
*(For details of type and amount, see Exhibit _____)*                                           $ N/A

f. Less suspense account or partial paid balance:                                           $[ N/A                                   ]

TOTAL POSTPETITION DELINQUENCY:                                           $ 0.00

g. Future payments due by time of anticipated hearing date *(if applicable):* N/A_____.
An additional payment of $ N/A_____ will come due on N/A_____, and on
the N/A day of each month thereafter. If the payment is not received by the N/A day of the month, a late
charge of $    N/A_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ _____    received on *(date)* _____
$ _____    received on *(date)* _____
$ _____    received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT. TRUSTEE).*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                           Page 9                                           **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on *(date)* _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on *(date)*_____, which is  ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other *(specify):*

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____   Case number: _____
           Date dismissed: _____   Date discharged:_____   Date filed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not granted.

        2. Case name: _____
           Chapter: _____   Case number: _____
           Date dismissed: _____   Date discharged:_____   Date filed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not granted.

        3. Case name: _____
           Chapter: _____   Case number: _____
           Date dismissed: _____   Date discharged:_____   Date filed: _____
           Relief from stay regarding the Property ☐ was   ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 10                          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

11/6/18
_Date_

Don A. Madden, III
_Printed name_

_Signature_

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2017_                                    Page 11                                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  rreynolds@bwslaw.com
   Rafael R. Garcia-Salgado, Bar No. 283230
3  rgarcia@bwslaw.com
   1851 East First Street
4  Suite 1550
   Santa Ana, CA  92705-4067
5  Telephone:   949.863.3363
   Facsimile:   949.863.3350
6
   Attorneys for Creditor
7  TRINITY FINANCIAL SERVICES, LLC

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                LOS ANGELES DIVISION

11

12  In re                              Case No.  2:18-bk-22555-WB

13  ELIZABETH MILLAN,                  Chapter Number:  13

14             Debtor,                 **SUPPLEMENTAL DECLARATION OF**
                                       **VICTOR HUTCHINS IN SUPPORT OF**
15                                     **SECURED CREDITOR TRINITY**
                                       **FINANCIAL SERVICES, LLC'S NOTICE**
16                                     **OF MOTION AND MOTION FOR RELIEF**
                                       **FROM THE AUTOMATIC STAY UNDER**
17                                     **11 U.S.C. §362 (REAL PROPERTY)**

18                                     DATE:  December 4, 2018
                                       TIME:  10:00 a.m.
19                                     CTRM:  1375

20

21        I, Victor Hutchins, declare as follows:

22        1.        I am Senior Vice President for Special Default Services, Inc. ("SDS"). As part

23  of my duties at SDS, I review loans and/or properties that are involved in bankruptcy and

24  litigation. As a result of this position, I have access to SDS's regularly kept business records

25  relating to such loans and/or properties. I have reviewed the loan documents relating to real

26  property commonly known as 1450-1452 Peterson Avenue, Long Beach, CA  90813 (the

27  "Property"), and am familiar with the documents attached to my Declaration. Those documents

28  contain entries made in the ordinary course of business. The documents are records of the type

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-0829-8106 v1          - 1 -     SUPPLEMENTAL DECLARATION IN SUPPORT
                                          OF NOTICE OF MOTION AND MOTION FOR
                                          RELIEF FROM THE AUTOMATIC STAY

1  SDS maintains in the course of its regularly conducted business activity. The documents were

2  created at or about the time the events reflected therein occurred, by persons whose duty it is to

3  record and make such records. If called as a witness in this matter, I am competent to testify of

4  my own personal knowledge, to the best of my recollection, as to the matters set forth in this

5  Declaration.  This Declaration is in support of Trinity Financial Services, LLC's ("Trinity")

6  concurrently filed Motion for Relief from the Automatic Stay (the "Motion").

7       2.    Trinity is the holder of the Note dated September 29, 2005 (the "Note") between

8  Andres Martinez and Elizabeth Millan (the "Debtor"), as borrowers, and First Franklin a

9  Division of Nat City Bank of IN, as the original lender.  Trinity purchased the Note, and it has

10  been endorsed to Trinity. A true and correct copy of the Note is attached to the concurrently filed

11  Motion as **Exhibit 2**.

12       3.    Trinity is the holder of a second priority Deed of Trust (the "Deed of Trust")

13  securing the Note and encumbering the Property. The legal description for the Property is set

14  forth in the Deed of Trust. The Deed of Trust was recorded against the Property on October 6,

15  2005, as Document No. 05-2410525 in the official records of the Los Angeles County Recorder.

16  A true and correct copy of the Deed of Trust is attached to the concurrently filed Motion as

17  **Exhibit 1**.  The Court is also requested to take judicial notice of this document pursuant to Fed.

18  R. Evid. 201.

19       4.    Trinity is entitled to enforce the Note under the laws of the state where the real

20  property is located, and is the named beneficiary under the Deed of Trust by way of an

21  assignment which is attached to the concurrently filed Declaration and is incorporated herein

22  by reference.  True and correct copies of the Assignments are attached to the concurrently filed

23  Motion as **Exhibit 3**.

24       5.    Trinity, and no other entity or securitized trust, currently owns the Note.

25       6.    The borrowers in this case, Andres Martinez and Elizabeth Millan, defaulted

26  under the terms of the Note and Deed of Trust, and on June 14, 2018, Trinity caused to be

27  recorded a Notice of Default and Election to Sell.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SUPPLEMENTAL DECLARATION IN SUPPORT
OF NOTICE OF MOTION AND MOTION FOR
RELIEF FROM THE AUTOMATIC STAY

7.      On October 2, 2018, Trinity caused to be recorded a Notice of Sale and the foreclosure sale took place on October 25, 2018.

8.      On October 25, 2018, at 8:28 a.m. SDS received a phone call from JT Legal requesting the current foreclosure sale date and was informed it was scheduled for October 25, 2018.

9.      On October 25, 2018, at 10:09 a.m., SDS received a call from Selene at JT Legal stating a bankruptcy case had been filed at 9:50 a.m. or 9:55 a.m. and providing the bankruptcy information.

10.     On October 25, 2018, at 10:10 a.m., SDS's Bankruptcy Department received a call from Selene at JT Legal.  However, Selene placed the call on hold, did not provide any bankruptcy information, and never came back to the line.  Therefore, SDS ran a search for a bankruptcy filing using the borrowers' names and social security numbers and located the bankruptcy filing on the PACER system.

11.     On October 25, 2018, at 10:13 a.m., SDS called the posting company, InSource Logic ("ISL") and was informed the sale had been cried and that they would call back to provide the time the sale was cried.

12.     On October 25, 2018, at 10:18 a.m., SDS received a fax from JT Legal providing the bankruptcy filing information.  The fax reflects the Petition was filed at approximately 10:08:05 a.m.  A true and correct copy of the fax is attached hereto as **Exhibit 5** and incorporated herein by reference.

13.     On October 25, 2018, at 10:28 a.m., SDS received a phone call from ISL confirming the sale was cried at 10:09 a.m.

14.     On October 25, 2018, at 10:44 a.m. SDS received a call from Selene at JT Legal requesting confirmation we received notification of the bankruptcy filing.  SDS confirmed receipt of bankruptcy notification and informed her we were waiting to hear from counsel.

15.     On October 25, 2018, at 11:23 a.m., SDS's receptionist received a call from Blanca at JT Legal requesting confirmation of the sale information.  She was informed that a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-0829-8106 v1                    - 3 -                SUPPLEMENTAL DECLARATION IN SUPPORT
OF NOTICE OF MOTION AND MOTION FOR
RELIEF FROM THE AUTOMATIC STAY

1 | review was pending.

2 |      9.     SDS was not aware that the Debtor had filed bankruptcy at the time the sale had

3 | been cried.

4 |

5 |     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

6 | United States of America that the foregoing factual statements are true and correct.

7 |

8 |

9 |     Executed this ___ day of November, 2018, at Irvine, California.

10 |

11 |                      Victor Hutchins
                     Senior Vice President

12 |                      SPECIAL DEFAULT SERVICES, INC.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4811-0829-8106 v1         - 4 -         SUPPLEMENTAL DECLARATION IN SUPPORT
OF NOTICE OF MOTION AND MOTION FOR
RELIEF FROM THE AUTOMATIC STAY

**CONTINUATION PAGE FOR PARAGRAPH #14 ON PAGE 5 OF MOTION FOR RELIEF:  OTHER RELIEF REQUESTED**

      Multiple bankruptcy filings and/or transfers of interest in the subject property are being done as a part of a bad faith scheme for the sole purpose of thwarting Movant's foreclosure proceedings.  Pursuant to *Aheong v. Mellong Mortg. Co. (In Re Aheong),* 276 B.R. 233, (B.A.P. 9th Cir. 2002)*,* Movant respectfully requests that the Court allow this Motion for Relief from the Automatic Stay be heard in the event of a dismissal for the purpose of granting *in rem* relief under 11 U.S.C. Section 362(d)(4).

IRV #4840-3040-3953 v1

CONTINUATION PAGE FOR PARAGRAPH
#14 ON PAGE 5 OF MOTION FOR RELIEF:
OTHER RELIEF REQUESTED

# Exhibit 1

10/6/05

LAWYERS TITLE

2

**PLEASE COMPLETE THIS INFORMATION**

RECORDING REQUESTED BY:

FINAL LOAN DOCS

05  2410525

WHEN RECORDED MAIL TO:

FIRST FRANKLIN
c/o SECURITY CONNECTIONS
1935 INTERNATIONAL WAY
IDAHO FALLS, ID  83402

REDACTED

**THIS SPACE FOR RECORDER'S USE  ONLY**

# DEED OF TRUST

## TITLE OF DOCUMENT

This Deed of trust
is Second & Subject to
a first Deed of trust
Recording Concurrently
Herewith.

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Govt. Code 27361.6)
(Additional recording fee applies)

275-214
[ Rev. 1/05]

FF021410  MFCA3100

REDACTED

10/6/05

**RECORDING REQUESTED BY**
FINAL LOAN DOCS


*AND WHEN RECORDED MAIL TO*

FIRST FRANKLIN
c/o SECURITY CONNECTIONS
1935 INTERNATIONAL WAY
IDAHO FALLS, ID 83402

———————————————————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST
# (Secondary Lien)

## DEFINITIONS

*Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19, and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.*

**(A)  "Security Instrument"** means this document, which is dated                September 29, 2005            , together with all Riders to this document.

**(B)  "Borrower"** is ANDRES MARTINEZ and ELIZABETH MILLAN, HUSBAND AND WIFE AS JOINT TENANTS


Borrower is the trustor under this Security Instrument.

**(C)  "Lender"** is FIRST FRANKLIN  A DIVISION OF NAT CITY BANK OF IN
Lender is a  National Association                                           organized and existing under
*the laws of* United States of America                                      *. Lender's address is*
2150 NORTH FIRST STREET, SAN JOSE, California  95131

                                     . Lender is the beneficiary under this Security Instrument.

**(D)  "Trustee"** is LANDAMERICA LAWYERS TITLE


**(E)  "Note"** means the promissory note signed by Borrower and dated            September 29, 2005            . The Note states that Borrower owes Lender              One Hundred Five Thousand Eight Hundred and no/100
                          Dollars (U.S. $ 105,800.00           ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than            October 01, 2025            .

**(F)  "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)  "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, if allowed under Applicable Law, and all sums due under this Security Instrument, plus interest.

**CALIFORNIA DEED OF TRUST**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM 4595L1 (0304) MFCA3116              *(Page 1 of 11 pages)*
REDACTED          GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

05  2410525

File No: <span style="background:black;color:white">REDACTED</span>

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of
California, described as follows:

The North 40 feet of the South 350 feet of the West 128 feet of Lot 4 of through
Yocum Tract, in the City of Long Beach, County of Los Angeles, State of
California, as per map recorded in Book 12 Page 106 of Maps, in the Office of the
County Recorder of said County.

Assessor's Parcel Number:        **7268-039-008**

**05 2410525**

**(H)** **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Home Improvement Rider | ☐ Revocable Trust Rider | |

☒ Other(s) [specify]
     1-4 Family Rider

**(I)** **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)** **"Community Association Dues, Fees and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K)** **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** **"Escrow Items"** means those items that are described in Section 3.

**(M)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 *et seq.*) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the     **COUNTY**      of      **LOS ANGELES**      :

      [Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

SEE EXHIBIT "A"
ATTACHED

Assessor's Identification Number: 7268-039-008

which currently has the address of          **1450-1452 PETERSON AVENUE**

                                               [Street]

      **LONG BEACH**          , California          **90813**          ("Property Address"):

      [City]                                     [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

    **1.**    **Payment of Principal, Interest and Other Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and if allowable under Applicable Law, any prepayment charges and late charges due under the Note. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

    **2.**    **Application of Payments or Proceeds.** Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14 or in such manner or location as required under Applicable Law. Except as otherwise described in this Section 2, and as permitted under Applicable Law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. To the extent permitted by Applicable Law, voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3.    **Funds for Escrow Items.** Subject to Applicable Law, Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender *Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower* shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 8. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 8 and pay such amount and Borrower shall then be obligated under Section 8 to repay to Lender any such amount. *Lender may revoke the waiver as to any or all Escrow Items at any time by a* notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to *make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.*

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender. If under Section 21 the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Security Instrument.

4.    **Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust, or other security agreement with a lien which has priority over this Security Instrument. Borrower shall pay when due, all taxes,

**CALIFORNIA DEED OF TRUST**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC ©
ITEM 4595L4 (0304) MFCA3116                    *(Page 4 of 11 pages)*

05  2410525

REDACTED                    GREATLAND ■
To Order Call 1-800-530-9393 □ Fax. 616-791-1131

assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien other than a lien disclosed to Lender in Borrower's application or in any title report Lender obtained which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; *or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.*

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan if allowed under Applicable Law.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

*If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense.* Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5, shall be added to the unpaid balance of the loan and interest shall accrue at the Note rate, from the time it was added to the unpaid balance until it is paid in full.

Subject to Applicable Law, all insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further *agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.*

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, *whether or not the underlying insurance was required by Lender,* shall be applied to restoration or repair of the Property, *if the* restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender *acquires the Property under Section 21 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance*

**CALIFORNIA DEED OF TRUST**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC ©
ITEM 4595L5 (0304) MFCA3116                    *(Page 5 of 11 pages)*

05  2410525

REDACTED    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6.    Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**7.    Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**8.    Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which has or may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has or may attain priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 8, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 8.

Any amounts disbursed by Lender under this Section 8 shall become additional debt of Borrower secured by this Security Instrument if allowed under Applicable Law. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**9.    Mortgage Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect.

**10.    Assignment of Miscellaneous Proceeds; Forfeiture.** The Miscellaneous Proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is

completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, as allowed under Applicable Law. The absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall

**CALIFORNIA DEED OF TRUST—Single Family—Secondary Lien**
THE COMPLIANCE SOURCE, INC. ©
ITEM 4595L7 (0304) MFCA3116          *(Page 7 of 11 pages)*          05  2410525          REDACTED          GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15.  Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16.  Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17.  Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18.  Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, as allowed under Applicable Law; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19.  Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, if required under Applicable Law, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

*10/6/05*

*12*

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this section. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 21 and the notice of acceleration given to Borrower pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 19.

**20. Hazardous Substances.** As used in this Section 20: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

**CALIFORNIA DEED OF TRUST**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM 4595L9 (0304) MFCA3116    *(Page 9 of 11 pages)*

05  2410525

REDACTED
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131
GREATLAND ®

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**22. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**23. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**24. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**25. Request for Notice of Default and Sale.** In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded
, in Book                    page                    records of
County, (or filed for record with recorder's serial number
County) California, executed by
,
ANDRES MARTINEZ, ELIZABETH MILLAN
as trustor (or mortgagor) in which

is named as beneficiary (or mortgagee) and

as trustee be mailed to Name FIRST FRANKLIN
at Address 2150 NORTH FIRST STREET, SAN JOSE, California  95131

**Notice:** A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature *Andres Martinez*
ANDRES MARTINEZ

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

14

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 11 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Andres Martinez_ _____ (Seal)    _Elizabeth Millan_ _____ (Seal)
ANDRES MARTINEZ                  -Borrower    ELIZABETH MILLAN                  -Borrower

_____ (Seal)    _____ (Seal)
                                -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                                -Borrower                                    -Borrower

Witness:                                    Witness:

_____             _____


State of California                        )
County of _LOS ANGELES_                    )
    On _Oct. 3, 2005_              before me, _FREDERICK L. RAWLING, NOTARY PUBLIC_
personally appeared ANDRES MARTINEZ, ELIZABETH MILLAN


personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature: _FREDERICK L. RAWLING_

FREDERICK L. RAWLING
Comm. # 1453313
NOTARY PUBLIC - CALIFORNIA
Los Angeles County
My Comm. Expires Dec. 3, 2007


**CALIFORNIA DEED OF TRUST**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC ©
ITEM 4595L11 (0304) MFCA3116        *(Page 11 of 11 pages)*    **05  2410525**    REDACTED    GREATLAND ■
                                                                                 To Order Call: 1-800-530-9393 □ Fax 616-791-1131

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this    29th    day of    September 2005    ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to FIRST FRANKLIN  A DIVISION OF NAT. CITY BANK OF IN

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

1450-1452 PETERSON AVENUE
LONG BEACH, CA  90813

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In
addition to the Property described in Security Instrument, the following items now or hereafter
attached to the Property to the extent they are fixtures are added to the Property description, and
shall also constitute the Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or
intended to be used in connection with the Property, including, but not limited to, those for the
purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire
prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath
tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals,
washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and
curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which,
including replacements and additions thereto, shall be deemed to be and remain a part of the
Property covered by the Security Instrument. All of the foregoing together with the Property
described in the Security Instrument (or the leasehold estate if the Security Instrument is on a
leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree
to or make a change in the use of the Property or its zoning classification, unless Lender has
agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and
requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow
any lien inferior to the Security Instrument to be perfected against the Property without Lender's
prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in
addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in
writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall
assign to Lender all leases of the Property and all security deposits made in connection with leases

**MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**    **Form 3170 1/01**

ITEM 1790L1 (0011)  MFCD2065    *(Page 1 of 3 pages)*    REDACTED ■    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

05  2410525

of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3170 1/01

ITEM 1790L2 (0011)    MFCD2065    *(Page 2 of 3 pages)*    REDACTED    GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

05 2410525

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in pages
1 through 3 of this 1-4 Family Rider.

_Andres    Martinez_ (Seal)        _Elizabeth    Millan_ (Seal)
ANDRES MARTINEZ         -Borrower        ELIZABETH MILLAN         -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

**MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**        **Form 3170 1/01**

05  2410525

10/6/05

*l8*

---

**National City®**

## BALLOON RIDER TO MORTGAGE, DEED OF TRUST OR SECURITY DEED
### FIRST FRANKLIN

---

Date:  September 29, 2005

**1. BORROWER(S):** ANDRES MARTINEZ, ELIZABETH MILLAN

**Property Address:** 1450-1452 PETERSON AVENUE
LONG BEACH, CA  90813

**2.  DEFINED TERMS; RIDER A PART OF THE SECURITY INSTRUMENT.**  "Rider" means this Balloon Rider to Mortgage, Deed of Trust or Security Deed which is attached to, made a part of and amends and supplements the Mortgage, Deed of Trust or Security Deed ("Security Instrument") which Borrower(s)  gave  to FIRST FRANKLIN  A DIVISION OF NAT.    CITY BANK OF IN          ("the Lender") and which is dated the same date as this Rider. The Security Instrument secures the Note and Security Agreement ("Note") and covers the property described therein located at the address set forth above. The term "the Lender" includes Lender's successors and assigns.  In the event there are any conflicts between this Rider and the Security Instrument or the Note, the provisions of the Rider will control.

**3.  BALLOON NOTE.**  The final payment due under the Note is larger than the previous monthly payments.  The final payment includes a substantial payment of principal.  The Note is commonly called a "balloon note."

**4. BALLOON NOTE AGREEMENT.**  Borrower(s) understand and agree as follows:

**THIS LOAN IS PAYABLE IN FULL ON THE MATURITY DATE SET FORTH IN THE SECURITY INSTRUMENT.  THE BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST AND OTHER SUMS THEN DUE.**

**5.  SIGNATURES.**  BORROWER HAS READ AND AGREES TO ALL PROVISIONS OF THIS RIDER.

---

© 2004 National City Corporation

MFCD6049
FF0139L1

REDACTED

05  2410525

10/6/05

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Balloon Rider.

1 ⁹⁷

ANDRES MARTINEZ _____ x _Andres Mortinez_
Type or print name                          Signature


ELIZABETH MILLAN _____ x _Elizabeth Milla_
Type or print name                          Signature


_____ x _____
Type or print name                          Signature


_____ x _____
Type or print name                          Signature


_____ x _____
Type or print name                          Signature


_____ x _____
Type or print name                          Signature

© 2004 National City Corporation

MFCD6049
FF0139L2

REDACTED

05 2410525

File No: [REDACTED]

10/6/05

# EXHIBIT "A"

$20$

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

The North 40 feet of the South 350 feet of the West 128 feet of Lot 4 of through Yocum Tract, in the City of Long Beach, County of Los Angeles, State of California, as per map recorded in Book 12 Page 106 of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Number:        **7268-039-008**

05 2410525

# Exhibit 2

**National City®**

## NOTE AND SECURITY AGREEMENT

(Not to be Used for Texas Homestead Loans Unless Proceeds Used Only for Purchase Money or Refinance of Purchase Money)

National City Complete Loan is a registered trademark of National City Corporation.

Date: September 29, 2005

**1. DEBTOR (S):** ANDRES MARTINEZ, ELIZABETH MILLAN

**Address:**    1450-1452 PETERSON AVENUE
LONG BEACH. CA 90813

**2.    DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means FIRST FRANKLIN  A DIVISION OF NAT. CITY BANK OF IN, 2150 NORTH FIRST STREET, SAN JOSE, California  95131 and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. "Property" means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms.  You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms.

**3.    PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $ 105,800.00          , which includes a prepaid finance charge of $  252.62          , plus interest on the principal sum outstanding and other sums owed under this Note until paid in full at the per annum rate of 11.2500 %. You will make a monthly payment in the amount of U.S.$ 1,027.59          on the    1st    day of each month beginning on    November 1, 2005    . If on    October  1, 2025          , you still owe amounts under this Note, you will pay those amounts in full on that date. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding such charges to the principal balance of this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. You will mail your monthly payments to: National City Home Loan Services, 150 Allegheny Center Mall, Pittsburgh, PA  15212, or such other place as we may specify.  If you are making a payment by an overnight delivery service only, you will send it to National City, 5101 Interchange Way, Louisville, KY 40229 or such other place as we may specify.

**4.    PROPERTY:**  1450-1452 PETERSON AVENUE
LONG BEACH, CA  90813

**5.    DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

**6.    LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFERRAL CHARGE; SERVICE CHARGES.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be $16.00.  If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge of $20. If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred. We will continue to earn interest on the unpaid principal balance. If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be 96 per copy. We will not charge you for documents we are required to provide you by law.  You agree that we may also charge you a fee, not otherwise enumerated herein, for services that we perform for you that you have requested.

**7.    INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property. You have the risk of loss of the Property and shall be responsible for its loss or damage. You will notify us promptly of any loss or damage to the Property. **You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee:** (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law.  You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law.  All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property.  If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense that we believe are necessary to protect our interests in the Property. You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase.  Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note.  You also assign to us any other insurance proceeds related to the loss of or our interest in the Property. You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. You irrevocably authorize us as your agent and on our behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you.

**8.    PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time.  If you voluntarily prepay the principal sum of this Note in full within the first    24    months of this Note, you agree to pay a voluntary prepayment charge. This voluntary prepayment charge will be equal to    2% of the principal balance at the time of prepayment. The prepayment charge will apply to amounts prepaid within 60 days of prepayment in full, after deducting any required refund.  Unless refund of all or a portion of the prepaid finance charge is required by law, no portion of the prepaid finance charge described in Section 3 will be refunded.  Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

**9.    SECURITY AGREEMENT.** To the extent permitted by law, you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note: (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C.F.R. 227.12(d) unless purchased with the proceeds of this Loan.  If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b)  proceeds and unearned premiums of any Property insurance; and (c) the substitutions, replacements, products and proceeds of the foregoing. Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest or, if applicable, follow our instructions to perfect our security interest in the Property. You will defend at your expense our security interest in the Property.  To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property.

**10.    PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property. You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims except for those permitted by us in writing.  You will make all needed repairs.  You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent.  You will permit us to inspect the Property at a time which is reasonably convenient. If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral.  You will not use, or permit others to use, the Property: (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.

11.     **DEFAULT AND REMEDIES.** You will be in default under this Note if: (a) you fail to make any payment or pay other amounts owing under this Note when due; (b) you fail to keep any of your agreements under this Note or under any other agreement with us; (c) a bankruptcy petition is filed by or against you; (d) you have provided false or misleading information to us; (e) you die or are declared incompetent or incapacitated; (f) the Property is destroyed, determined by us to be uninsurable for use, seized, impounded or threatened with, or subject to, levy, attachment, condemnation, forfeiture or other administrative or judicial proceedings; or (g) you are in default on any obligation that is secured by a lien on the Property. If you are in default, in addition to any other rights and remedies we have under law and subject to any right you may have to cure your default, we may do any of the following: (aa) accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable. **If you are in default, prior to our obtaining a judgment against you, any amounts owing under this Note will continue to bear interest at the interest rate stated in this Note. If we obtain a judgment against you for any amounts owing under this Note, the amount of such judgment will bear interest at the rate permitted by Indiana law for judgments from the date of judgment;** (bb) demand that you vacate the Property and make it available to us at a time that is reasonably convenient. You agree to comply with such demand; (cc) sell, lease, or otherwise dispose of the Property without prior demand, unless otherwise required by law. Our disposal of the Property will not release you from any of your obligations and you will pay us any balance owing under this Note; and (dd) recover all expenses related to retaking, holding, preparing for sale and selling the Property and reasonable collection costs, attorneys' fees (unless you are a resident of New Hampshire, in which case we may not recover our attorneys' fees from you) and legal expenses as permitted by 11 U.S.C. 506 and applicable state law.

12.     **PROPERTY CONDITION.** You agree that with respect to any Property: (a) it is free from all material defects, in proper operating order and fit for all intended purposes; (b) that our making this Loan was based in part upon the value and condition of the Property as represented by you; (c) we did not directly or indirectly offer, sell or provide it to you; and (d) we are not a seller, supplier, merchant or warrantor. Accordingly, **except for specific rights afforded by state law, any claims relating to the Property, including any defect or warranty related to it, are not our responsibility.**

13.     **ADDITIONAL AGREEMENTS.** You agree that: (a) you may not sell or assign this Note, the Property or any of its benefits or obligations without our prior written consent. We own this Note and may assign this Note or any of its benefits or obligations at any time without your consent; (b) this Note is between you and us and, except for successors or assigns as provided by this Note, this Note will not confer any rights upon any third party; (c) our rights and remedies in this Note are not exclusive; (d) we may waive or delay the enforcement of our rights under this Note without waiving or otherwise affecting such rights; (e) the provisions of this Note are in effect to the extent permitted by applicable law. Any part of this Note that cannot be enforced will be void, but the remaining parts will remain in effect; (f) you waive notice of dishonor, protest, presentment, demand for payment (subject to any right you may have to cure your default), waiver, delay and all other notices or demands in connection with this Note; (g) you waive all defenses relating to impairment of recourse or collateral, and we can change any term of this Note, release any collateral or release any obligor by agreeing with any one party without notifying or releasing any other party; (h) we can correct errors in this Note as provided in 15 U.S.C. Section 1640 upon notice to you even if such errors are contract terms and you agree to be bound by such corrections. Upon our request, you will promptly re-execute this Note to correct errors in this Note. You can change any term of this Note only in a writing signed by us; (i) the Bank is a national bank located in Indiana and your application for this Loan and the making of this Loan occurred in Indiana.  Therefore, this Note shall be governed by and construed in accordance with (y) Federal laws and regulations including but not limited to 12 USC Section 85 and (z) the laws of Indiana, to the extent Indiana laws are not preempted by federal laws or regulations, and without regard to conflict of law principles; (j) this Note describes all agreements between you and us with respect to the Loan and there are no other agreements.  An electronic or optically imaged reproduction of this Note or any other document related to your Loan constitutes an original document and may be relied on in full by all parties to the same extent as an original; (k) except as otherwise required by law, we are authorized to mail any notice or other correspondence to you by first class mail to your last known address indicated on our records; (l) you will provide us with 10 days prior written notice of any change in any information contained in your application including a change in your name or address.  Except as otherwise specified, all notices and payments to us must be sent to National City, 150 Allegheny Center Mall, Pittsburgh, PA  15212 Attn: Customer Service, Locator 47-23-551, or such other place as we may designate.  Our failure or delay in providing you coupon books, billing statements or other payment instructions will not relieve you of your obligations under this Note; (m) all payments must be in lawful money of the United States; (n) if you are a natural person you are competent to enter into this Note and if you are other than a natural person, the person signing on behalf of you represents that he is authorized to enter into and execute this Note; (o) we will not be responsible for any personal items in or on vacated Property.  We will make a reasonable effort to return such items to you or have you reclaim them from us provided you notify us within 5 business days of our taking repossession and itemize such items.  Even if you notify us, you abandon to us any personal items not reclaimed from us within 10 business days of our taking repossession; (p) we may accept late payments or partial payments without losing any of our rights **If your payment is marked with the words "Paid in Full" or similar language, you must send your payment to National City, 150 Allegheny Center Mall, Pittsburgh, PA  15212 Attn: Customer Service, Locator 47-23-551 or such other place as we may designate.**  If your payment is made to any other address, we may accept the payment without losing any of our rights; (q) our application of your payments or other proceeds is reasonable unless another method is required by law, in which case that method shall  be reasonable; (r) this Note will be binding and inure to the benefit of you and us and our respective successors and assigns; (s) **except as otherwise prohibited by law, Bank may provide to others, including, but not limited to, consumer credit reporting agencies, information about our transactions and experiences with you.  Also, Bank and its affiliates (collectively "National City") may share with each other all information about you that National City has or may obtain for the purposes, among other things, of evaluating credit applications or offering you products or services that National City believes may be of interest to you.  Under the Fair Credit Reporting Act there is certain credit information that cannot be shared about you (unless you are a business) if you tell National City by writing to National City Corporation, Attention: Office of Consumer Privacy, P.O. Box 4068, Kalamazoo, MI  49009.  You must include your name, address, account number and social security number;** (t) if this Loan is not for a consumer purpose or you are not a natural person, you are not entitled to any rights afforded consumers under applicable law or regulations; (u) all actions under this Note requiring our consent are at our sole discretion, and such consent may be withheld for any reason; (v) the annual IRS Form 1098 will be issued only to the first borrower listed on this Note at origination and the designation of a borrower as first payer cannot be changed subsequently; (w) our typewritten name in Section 2 will constitute our signature for purposes of this Note; (x) we have an established business relationship with you, and unless otherwise prohibited by law, National City may contact you to offer you products and services that National City thinks may be of interest to you.  Such contacts are not unsolicited and National City may contact you with an automated dialing and announcing device or by fax, email or other form of electronic communication and we may monitor telephone calls with you to assure quality service; (y) all amounts owed under this Note shall be without relief from valuation and appraisement laws; (z) we are authorized to sign on your behalf any document required to enforce our interests under this Note; (aa) disclosures included in this Note but not required by law are not an admission or waiver of rights by us; (bb)  you will pay all fees we charge you in connection with this Loan including those indicated on any Good Faith Estimate or HUD1/HUD1A provided in connection with this Loan, which will be nonrefundable to the extent permitted by law; and (cc) in this Note, the term "affiliates" means present and future affiliates of National City Bank of Indiana, including, but not limited to, the following National City Corporation subsidiaries: National City Bank, National City Bank of Michigan/Illinois, National City Bank of Pennsylvania, National City Bank of Southern Indiana, National City Home Loan Services, Inc., First Franklin Financial Corporation, National City Bank of Kentucky, Madison Bank and Trust Company, National City Mortgage Co. and National City Mortgage Services Co.

14.     **ADDITIONAL NOTICES.** The following notices are given by Bank only to the extent not inconsistent with 12 U.S.C. Section 85 and related regulations and opinions, and/or the choice of law provision set forth herein (with respect to which Bank expressly reserves all rights).  You acknowledge receipt of the following notices before becoming obligated.  For purposes of the immediately following *Notice to Cosigner*, "bank" means us.

### NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The bank can collect this debt from you without first trying to collect from the borrower (and after proper notice to you if you are a "cosigner" as defined by Illinois or Michigan law). The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages (unless you receive wages in North Carolina, Pennsylvania, South Carolina or Texas) etc. If this debt is ever in default, that fact may become a part of *your* credit record. This notice is not the contract that makes you liable for the debt.

### NOTICE TO ALL SIGNERS

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer (credit) reporting agency if you fail to fulfill the terms of your credit obligations. I f you believe that we have information about you that is inaccurate or that we have reported or may report to a credit reporting agency information about you that is inaccurate, please notify us of the specific information that you believe is inaccurate by writing to National City, 150 Allegheny Center Mall, Pittsburgh, PA 15212 Att'n: Customer Service, Locator 47-23-551 or such other place as we may designate.

### OTHER NOTICES

**If the Property is located in California:** Lender, may at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property.

**If the Property is located in Colorado:** The dollar amount of the finance charge disclosed to you for this credit transaction is based upon your payments being received by us on the date payments are due. If your payments are received after the due date, even if received before the date a late fee applies, you may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of principal. This is due to the accrual of daily interest until a payment is received.

**If the Property is located in Florida:** FLORIDA DOCUMENTARY STAMP TAX IN THE AMOUNT REQUIRED BY LAW HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE, AND FLORIDA DOCUMENTARY STAMPS HAVE BEEN PLACED ON THE TAXABLE INSTRUMENTS AS REQUIRED BY CHAPTER 201, FLORIDA STATUTES.

**If the Property is located in Iowa (this is a consumer credit transaction) or Kansas:** NOTICE TO CONSUMER: 1. Do not sign this paper (agreement before you read it. 2. You are entitled to a copy of this paper (agreement. 3. You may prepay the unpaid balance at any time and may be entitled to receive a refund of unearned charges in accordance with law. 4. If you prepay the unpaid balance, you may have to pay a prepayment penalty.

**If the Property is located in Iowa and the principal amount of this Loan exceeds $20,000:** **IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

**If the Property is located in Maryland:** We elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

**If the Property is located in Minnesota:** If the amount of this Loan is $100,000 or more, we elect Minn. Stat. § 334.01.

**If the Property is located in Missouri:** **Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

**If the Property is located in New York:** **YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.**

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

**If the Property is located in North Dakota:** **THIS OBLIGATION MAY BE THE BASIS FOR A PERSONAL ACTION AGAINST THE PROMISOR OR PROMISORS IN ADDITION TO OTHER REMEDIES ALLOWED BY LAW.**

**If the Property is located in Oregon:** **NOTICE TO THE BORROWER:** Do not sign this loan agreement before you read it. The loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.

**If the Property is located in Texas:** **THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**If the Property is located in Vermont:** **NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

If you reside in Wisconsin: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

15.    SIGNATURES. YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS NOTE INCLUDING THOSE ON PAGES 1 THROUGH 3 AND IN THE DISCLOSURE STATEMENT WHICH ARE INCORPORATED HEREIN BY REFERENCE. (1) DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS NOTE BEFORE YOU SIGN IT. BY SIGNING THIS NOTE, YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAD AN OPPORTUNITY TO REVIEW A COMPLETED COPY OF THIS ENTIRE NOTE BEFORE SIGNING IT ON THE DATE SHOWN ON PAGE 1. SEE PAGES 1, 2 AND 3 AND THE DISCLOSURE STATEMENT FOR ADDITIONAL IMPORTANT TERMS AND CONDITIONS.

| | |
|---|---|
| **Debtor:** ANDRES MARTINEZ | x _Andres Martinez_ |
| Type or print name of Debtor | Debtor's signature |
| **Debtor:** ELIZABETH MILLAN | x _Elizabeth Millan_ |
| Type or print name of Debtor | Debtor's signature |
| **Debtor:** _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |
| **Debtor:** _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |
| **Debtor:** _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |
| **Debtor:** _____ | X_____ |
| Type or print name of Debtor | Debtor's signature |

**FOR MICHIGAN GUARANTORS ONLY: Guaranty Agreement.** For value received, you, the undersigned guarantors, jointly, severally and unconditionally guarantee the payment of all sums owing under this Note when due and the performance by the Debtors of all promises contained in this Note. Upon default, we may proceed against any of you without first proceeding against any Debtor. The liability of each of you will be primary and will not be affected by any settlement, release, extension, renewal or modification of this Note whether or not by operation of law. Each of you voluntarily and knowingly waives all rights to any demands, presentments, notices and defenses of any kind or nature you might have in connection with this Guaranty. Each of you agrees to pay all expenses including reasonable attorneys' fees incurred by us if we have to enforce this Guaranty. Each of you acknowledges that you have read and agree to all terms of this Guaranty, Note and Disclosure Statement prior to signing below.

| | |
|---|---|
| **Guarantor:** _____ | X_____ |
| Type or print name of Guarantor | Guarantor's signature |
| **Guarantor:** _____ | X_____ |
| Type or print name of Guarantor | Guarantor's signature |

**FOR LOUISIANA PROPERTIES ONLY:**

"NE VARIE TUR" for identification with an Act of Mortgage passed before me this _____ day of _____ .

_____
Notary Public:
Notary Identification Number

© 2004 National City Corporation

National City®

## BALLOON NOTE ADDENDUM TO NOTE AND SECURITY AGREEMENT – FIRST FRANKLIN

Date: September 29, 2005

**1. DEBTOR (S):**   ANDRES MARTINEZ, ELIZABETH MILLAN

**Property Address:** 1450-1452 PETERSON AVENUE
LONG BEACH, CA  90813

**2.   DEFINED TERMS; ADDENDUM A PART OF THE NOTE.**   "Addendum" means this Balloon Note Addendum to Note and Security Agreement which is attached to, made a part of and amends and supplements the Note and Security Agreement ("Note") dated the same date as this Addendum. The terms "we" and "us" include our successors and assigns. In the event there are any conflicts between this Addendum and the Note, the provisions of the Addendum will control. Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note.

**3.  BALLOON NOTE.**   The final payment due under the Note is larger than the previous monthly payments.  The final payment includes a substantial payment of principal.  This Note is commonly called a "balloon note."

**4. BALLOON NOTE AGREEMENT.**  You understand and agree as follows:

**THIS LOAN IS PAYABLE IN FULL ON THE FINAL PAYMENT DATE SET FORTH IN THE PAYMENT SCHEDULE IN THE DISCLOSURE STATEMENT.  YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST AND OTHER SUMS THEN DUE.**

**5.  SIGNATURES.**  YOU HAVE READ AND AGREE TO ALL PROVISIONS OF THIS ADDENDUM AND AGREE THAT ALL NOTICES IN SECTION 15 OF THE NOTE ARE INCORPORATED HEREIN BY REFERENCE.  (1) DO NOT SIGN THIS ADDENDUM BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN.  (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS ADDENDUM BEFORE YOU SIGN IT.  BY SIGNING THIS ADDENDUM, YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED AND HAD AN OPPORTUNITY TO REVIEW A COMPLETED COPY OF THE ENTIRE NOTE INCLUDING THIS ADDENDUM BEFORE SIGNING.

| | | |
|---|---|---|
| **Debtor:** | ANDRES MARTINEZ | x _Andres Martinez_ |
| | Type or print name of Debtor | Debtor's signature |
| **Debtor:** | ELIZABETH MILLAN | x _Elizabeth Millan_ |
| | Type or print name of Debtor | Debtor's signature |
| **Debtor:** | | x |
| | Type or print name of Debtor | Debtor's signature |
| **Debtor:** | | x |
| | Type or print name of Debtor | Debtor's signature |
| **Debtor:** | | x |
| | Type or print name of Debtor | Debtor's signature |
| **Debtor:** | | x |
| | Type or print name of Debtor | Debtor's signature |

© 2004 National City Corporation

## CORRECTION AGREEMENT
### LIMITED POWER OF ATTORNEY

On        September 29, 2005              , the undersigned Borrower(s), for and in consideration of the approval, closing and funding of their mortgage loan (No.                    ), hereby grant  ANCHOR SEAPORT ESCROW
as settlement agent and/or  FIRST FRANKLIN  A DIVISION OF NAT. CITY
BANK OF IN                                    as Lender limited power of attorney to correct and/or execute or initial all typographical or clerical errors discovered in any or all of the closing documentation required to be executed by the undersigned at settlement. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf.

**THIS LIMITED POWER OF ATTORNEY MAY NOT BE USED TO INCREASE THE INTEREST RATE (NOR THE MARGIN OR INDEX FOR VARIABLE RATE LOANS) THE UNDERSIGNED IS PAYING, INCREASE THE TERM OF THE UNDERSIGNED'S LOAN, INCREASE THE UNDERSIGNED'S OUTSTANDING PRINCIPAL BALANCE OR INCREASE THE UNDERSIGNED'S MONTHLY PRINCIPAL AND INTEREST PAYMENTS.** Any of these specified changes must be executed directly by the undersigned.

This Limited Power of Attorney shall automatically terminate 180 days from the closing date of the undersigned's mortgage loan.

**IN WITNESS WHEREOF,** the undersigned have executed this Limited Power of Attorney as of the date and year first above referenced.

_Andres Martinez_____ (Seal)          _Elizabeth Millan_____ (Seal)
ANDRES MARTINEZ                -Borrower          ELIZABETH MILLAN                -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                         -Borrower

State of      California

County of Los ANGELES

On  Oct 3, 2005               before me,  FREDERICK L. RAWLING
       [Date]                                [Name and title of Officer (e.g. "Jane Doe, Notary Public")]

personally appeared  ANDRES MARTINEZ, ELIZABETH MILLAN

personally known to me - OR - proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

FREDERICK L. RAWLING
Comm. # 1453313
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Expires Dec. 3, 2007

_____
Notary Public in and for said state.
     FREDERICK  L. RAWLING

GREATLAND ■
To Order Call: 1-800-530-9393 □Fax 616-791-1131

## SIGNATURE AFFIDAVIT AND AKA STATEMENT

I  ANDRES MARTINEZ
certify that this is my true and correct signature:

_____          _____
ANDRES MARTINEZ                                          Sample Signature
Borrower

### AKA STATEMENT

I  ANDRES MARTINEZ
further certify that I am also known as:

_____          _____
Name Variation (Print)                                    Sample Signature (Variation)

_____          _____
Name Variation (Print)                                    Sample Signature (Variation)

_____          _____
Name Variation (Print)                                    Sample Signature (Variation)

State of  CALIFORNIA                    )
County of  LOS ANGELES                  )

On  Oct 3, 2005                                          , before me, the undersigned, a Notary Public in and for said State,
personally appeared  ANDRES MARTINEZ

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that, he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the
instrument.

Witness my hand and official seal.
(Reserved for official seal)

Signature _____

FREDERICK L. RAWLING
Name (typed or printed)

FREDERICK L. RAWLING
Comm. #1453313
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Expires Dec.3,2007

My Commission Expires:  Dec 3, 2007

## SIGNATURE AFFIDAVIT AND AKA STATEMENT

I   ELIZABETH MILLAN
certify that this is my true and correct signature:

__ELIZABETH MILLAN__
Borrower

Sample Signature

### AKA STATEMENT

I   ELIZABETH MILLAN
further certify that I am also known as:

__ELIZABETH MILLIAN__
Name Variation (Print)

Sample Signature (Variation)

__ELIZABETH MORALES__
Name Variation (Print)

Sample Signature (Variation)

__ELISE MARTINEZ__
Name Variation (Print)

Sample Signature (Variation)

State of   CALIFORNIA                    )
County of  LOS ANGELES                   )

   On  Oct 3, 2005
personally appeared   ELIZABETH MILLAN                    , before me, the undersigned, a Notary Public in and for said State,

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that, he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.
(Reserved for official seal)

Signature

FREDERICK L. RAWLING
Name (typed or printed)

FREDERICK L. RAWLING
Comm. # 1453313
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Expires Dec. 3, 2007

My Commission Expires: Dec 3, 2007

REDACTED

## **ALLONGE TO THE NOTE**

**LOAN #:** REDACTED
**Previous Loan #:**
**Borrower:** ANDRES MARTINEZ AND ELIZABETH MILLAN
**Date of Note:** 09/29/2005
**Loan Amount:** $105,800.00
**Property Address:** 1450-1452 PETERSON AVENUE, LONG BEACH, CA  90813

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust / Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: TRINITY FINANCIAL SERVICES, LLC , Without any recourse, representation or warranty, express or implied

### **US MORTGAGE RESOLUTION, LLC**

Signature: _____

Printed Name:  Thomas D. Dunkel

Title: Managing Member

# Exhibit 3

Recording requested by:

FIRST FRANKLIN FINANCIAL
CORPORATION

When recorded mail to:
BANK OF AMERICA
DOCUMENT PROCESSING
TX2-979-01-19
4500 AMON CARTER BLVD
FORT WORTH, TX 76155
Attn: ASSIGNMENT UNIT

CORPORATION ASSIGNMENT OF DEED OF TRUST
Branch/Source Code REDACTED                       Doc. ID# REDACTED
                                                  Commitment# REDACTED

For value received, the undersigned, FIRST FRANKLIN FINANCIAL CORPORATION,
1800 TAPO CANYON RD SIMI VALLEY, CA, 93063, hereby grants, assigns and
transfers to:
  US MORTGAGE RESOLUTION LLC
  150 S. WARNER ROAD, SUITE 120, KING OF PRUSSIA, PA 19406
All beneficial interest under that certain Deed of Trust dated 9/29/05,
executed by: ANDRES MARTINEZ and ELIZABETH MILLAN, Trustor as per TRUST DEED
recorded as Instrument No. 05 2410525 on 10/06/05 in Book N/A Page N/A of
official records in the County Recorder's Office of LOS ANGELES County,
CALIFORNIA.
  The Trustee is LANDAMERICA LAWYERS TITLE.
Tax Parcel =    7268-039-008
Original Mortgage $105,800.00
1450 -1452 PETERSON AVE, LONG BEACH, CA 90813

Together with the Note or Notes therein  described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Deed of Trust.

CORPORATION ASSIGNMENT OF DEED OF TRUST

**Branch/Source Code** REDACTED                                Doc. ID# REDACTED
                                                              Commitment# REDACTED

Dated: 12/22/2014       FIRST FRANKLIN FINANCIAL CORPORATION

                        By _____
                           PARKASH MANN, ASSISTANT VICE PRESIDENT

State of California
County of Ventura

On 12/22/2014 before me, TRACEY L SNYDER , Notary Public, personally appeared
PARKASH MANN, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
           TRACEY L SNYDER, Notary Public

Prepared by: PARKASH MANN
1800 TAPO CANYON RD
SIMI VALLEY, CA 93063
Phone#: (213) 345-0575

TRACEY L. SNYDER
COMM. # 1951517
NOTARY PUBLIC • CALIFORNIA
VENTURA COUNTY
My Commission Expires
September 10, 2016

Recording Requested By:
RICHMOND MONROE GROUP, INC

When Recorded Return To:

RICHMOND MONROE GROUP
PO BOX 458
KIMBERLING CITY, MO  65686

REDACTED

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Los Angeles, California**   **REFERENCE #:** REDACTED   **"MARTINEZ"**
**INVESTOR #:**

For Value Received, US MORTGAGE RESOLUTION, LLC at 150 S. WARNER ROAD, SUITE 220, KING OF PRUSSIA, PA  19406  hereby grants, assigns and transfers to TRINITY FINANCIAL SERVICES LLC.  at  2618 SAN MIGUEL DR, SUITE 303, NEWPORT BEACH, CA  92660 all beneficial interest under that certain Deed of Trust dated 09/29/2005 , in the amount of $105,800.00, executed by ANDRES MARTINEZ AND ELIZABETH MILLAN, HUSBAND AND WIFE AS JOINT TENANTS to FIRST FRANKLIN A DIVISION OF NAT CITY BANK OF IN  and Recorded:  10/06/2005  as Instrument No.: 05 2410525 in Los Angeles County , State of California and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

US MORTGAGE RESOLUTION, LLC
On   4/21/2015

Thomas D. Dunkel, Managing Member

STATE OF PENNSYLVANIA
COUNTY OF MONTGOMERY

On  04/21/2015 , before me, Trevor DeHaas, a Notary Public in and for MONTGOMERY in the State of PENNSYLVANIA, personally appeared Thomas D. Dunkel, Managing Member, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Trevor DeHaas

Trevor DeHaas
Notary Expires: 9/23/2017
(This area for notarial seal)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TREVOR DEHAAS
Notary Public
UPPER MERION TWP; MONTGOMERY COUNTY
My Commission Expires Sep 23, 2017

REDACTED

# Exhibit 4

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 10/25/2018 at 10:08 AM and filed on 10/25/2018.



**Elizabeth Millan**
1450 Peterson Avenue
Long Beach, CA 90813
SSN / ITIN: xxx-xx-6767

The case was filed by the debtor's attorney:

**Michael Avanesian**
JT Legal Group, APC
801 N. Brand Blvd.
Suite #1130
Glendale, CA 91203
818-276-2477

The case was assigned case number 2:18-bk-22555.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple
Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
|---|
| Transaction Receipt |

| 10/25/2018 10:44:18 | | | |
|---|---|---|---|
| **PACER Login:** | Atty283230:4954320:4353724 | **Client Code:** | F0016-0002-Millan |
| **Description:** | Notice of Filing | **Search Criteria:** | 2:18-bk-22555 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# Exhibit 5

# FAX

| Date: | 10/25/2018 |
|---|---|

| Pages including cover sheet: | 9 |
|---|---|

| **To:** | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Number** | (949) 752-7332 |

| **From:** | Victor Velasquez |
|---|---|
| | |
| | |
| | |
| | AL |
| | |
| **Phone** | (855) 266-2551 * 333 |
| **Fax Number** | (818) 600-4029 |

**NOTE:**

TS CA01000137-18 - BK 18-22555 - 1450 Peterson Ave, Long Beach, CA 90813

From: Victor Vel...ayes  25?...O...959-59?2555  Case 2:18-bk-22555-WB   Doc 13   Filed 11/15/18   Entered 11/15/18 16:29:30   Desc
Case 2:18-bk-22555   Doc... Filed 10/25/18   ...ered 10/25/18 10:08:05   Desc Main
Main Document   Page 56 of 65
Document   Page 1 of 8

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Elizabeth<br>First name<br><br>Middle name<br><br>Millan<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6767 | |

Debtor 1   __Elizabeth Millan__   Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

□ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

**5.** **Where you live**

1450 Peterson Avenue
Long Beach, CA 90813
Number, Street, City, State & ZIP Code

Los Angeles
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

□ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

□ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

| Debtor 1 | Elizabeth Millan | | Case number *(if known)* | |

---

**Part 2:**  **Tell the Court About Your Bankruptcy Case**

---

7. **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

8. **How you will pay the fee**

■ I will pay the entire fee when I file my petition. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ I need to pay the fee in installments. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

9. **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

11. **Do you rent your residence?**

■ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

From: Victor Velasquez Fax: (909) 684-4655    To:    Fax: (949) 752-7351    Page 9 of 8 10/25/2018 10:16 AM

Case 2:18-bk-22555-WB    Doc 13    Filed 11/15/18    Entered 11/15/18 10:29:30    Desc
Case 2:18-bk-22555    Doc Main Document 10/25/18    Page 20 of 65 11/15/18 10:08:05    Desc Main
Document    Page 4 of 8

Debtor 1    **Elizabeth Millan**    Case number *(if known)* _____

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ **No.**    Go to Part 4.

☐ **Yes.**    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☑ **No.**    I am not filing under Chapter 11.

☐ **No.**    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:    Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ **No.**

☐ **Yes.**    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

From: Victor Veisselberg   Fax (818) 560-4926   To:   Fax (949) 752-7332   Page 5 of 8   10/25/2018 10:16 AM

Case 2:18-bk-22555-WB   Doc 13   Filed 11/15/18   Entered 11/15/18 16:29:30   Desc
Case 2:18-bk-22555   Doc Main Document   10/25/18   Page 5 of 8   10/25/18 10:08:05   Desc Main
Document   Page 5 of 8

| Debtor 1 | Elizabeth Millan | | Case number *(if known)* |
|---|---|---|---|

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1 **Elizabeth Millan**      Case number *(if known)*

---

**Part 6:**   Answer These Questions for Reporting Purposes

| | | |
|---|---|---|
| **16. What kind of debts do you have?** | **16a.** | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
| | | ☐ No. Go to line 16b. |
| | | ■ Yes. Go to line 17. |
| | **16b.** | **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment. |
| | | ☐ No. Go to line 16c. |
| | | ☐ Yes. Go to line 17. |
| | **16c.** | State the type of debts you owe that are not consumer debts or business debts |

**17. Are you filing under Chapter 7?**

■ **No.** I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ **Yes.** I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

    ☐ No

    ☐ Yes

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**Part 7:**   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Elizabeth Millan             *Elizabeth Millan*
**Elizabeth Millan**
Signature of Debtor 1

Executed on   **October 25, 2018**        Executed on
         MM / DD / YYYY                         MM / DD / YYYY

---

From: Victor Velasquez  2 Fax (818) 889-1028      Fax (949) 752-7332      Page 8 of 8  10/25/2018 16:16 AM

Case 2:18-bk-22555-WB    Doc 13    Filed 11/15/18    Entered 11/15/18 20:30:10    Desc
Case 2:18-bk-22555    Doc 1    Filed 10/25/18    Entered 10/25/18 10:08:05    Desc Main
Main Document    Page 7 of 8
Document    Page 62 of 65

| Debtor 1 | Elizabeth Millan | | Case number *(if known)* | |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| /s/ Michael Avanesian | Date | October 25, 2018 |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Michael Avanesian 278685**
Printed name

**JT Legal Group, APC**
Firm name

**801 N. Brand Blvd., Suite #1130**
**Glendale, CA 91203**
Number, Street, City, State & ZIP Code

| Contact phone | **818-745-1554** | Email address | **Michael@jtlegalgroup.com** |

**278685 CA**
Bar number & State

---

From: Victor Velasquez    Fax:(818) 500-4838    To:    Fax:(949) 752-7332    Page 13 of 13    10/25/2018 10:16 AM

Case 2:18-bk-22555-WB    Doc 13    Filed 11/15/18    Entered 11/15/18 16:29:30    Desc
Case 2:18-bk-22555    Doc    Filed 10/25/18    Entered 10/25/18 10:08:05    Desc Main
Main Document    Page 63 of 65
Document    Page 8 of 8

Elizabeth Millan
1450 Peterson Avenue
Long Beach, CA 90813


Michael Avanesian
JT Legal Group, APC
801 N. Brand Blvd., Suite #1130
Glendale, CA 91203


Diamond Resorts Financial Services
Attn: Bankruptcy
10600 W Charleston Blvd
Las Vegas, NV 89135


I C System Inc
Attn: Bankruptcy
Po Box 64378
St Paul, MN 55164


Progressive Management Systems
Attn: Bankruptcy Department
1521 W Cameron Ave., First Floor
West Covina, CA 91790


Specialized Loan Servicing/SLS
Attn: Bankruptcy Dept
8742 Lucent Blvd #300
Highlands Ranch, CO 80129

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 East First Street, Suite 1550, Santa Ana, CA  92705-4067**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* **11/15/18**     , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael Avanesian     bk@jtlegalgroup.com, michael@ecf.inforuptcy.com
- Nancy K Curry (TR)     TrusteeECFMail@gmail.com
- Rafael R Garcia-Salgado     rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Richard J Reynolds     rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* **11/15/18**     , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **Debtor:**<br>**Elizabeth Millan**<br>1450 Peterson Avenue<br>Long Beach, CA 90813 | **Judge:**<br>**Honorable Julia W. Brand**<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1382<br>Los Angeles, CA 90012 |
| **Lienholder:**<br>**State of California Franchise Tax Board**<br>Special Procedures Section<br>P.O. Box 2952<br>Sacramento, CA  95812-2952 | **Lienholder:**<br>**Internal Revenue Service**<br>Attention:  Technical Services Advisory Group Manager<br>24000 Avila Road, M/S 5905<br>Laguna Niguel, CA  92677 |
| **Lienholder:**<br>Deutsche Bank National Trust Co. Trustee<br>c/o Specialized Loan Servicing LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, Colorado 80129 | |

☐ Service information continued on attached page

///

///

///

///

///

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 12                                    **F 4001-1.RFS.RP.MOTION**



American LegalNet, Inc.
www.FormsWorkFlow.com

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method

for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____ , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/15/18 | Bernadette C. Antle | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkFlow.com